**In re AUTO–PAK, INC., Debtor.**

**Bryan S. ROSS, Trustee, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 84–00170.
Adv. No. 84–0202.**

United States Bankruptcy Court,
District of Columbia.

Sept. 16, 1985.

Bryan S. Ross, Washington, D.C., for debtor/plaintiff.

Edward J. Snyder, Robert L. Gordon, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

### OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

This adversary proceeding arose as a result of a transaction involving Auto-Pak, Inc. (the "Debtor"), Riggs National Bank (the "Bank"), the Internal Revenue Service ("IRS"), Stern Chemical Co. ("Stern Chemical"), and Richard DeFranco, sole shareholder of the Debtor. On March 8, 1984, a check for $4,215.36 was drawn on the Debtor's account at the Bank by a representative of the Debtor. This check was used to purchase a cashier's check for $4,215.36, which was made payable to IRS. The Debtor did not have any outstanding obligation to IRS at that time, and a notation on the check indicated that it was intended as payment for Stern Chemical's obligations to IRS through September 30, 1983.[1] Stern Chemical is the name used by DeFranco in another business affiliated with the Debtor. At no time has Stern Chemical been listed in the Debtor's books as a creditor of the Debtor, nor has Stern Chemical filed a proof of claim. On March 30, 1984, the Debtor filed a Chapter 7 bankruptcy petition. The Trustee brings this motion for summary judgment claiming that the payment of $4,215.36 from the Debtor to IRS is voidable under section 548 of Title 11, United States Code ("Bankruptcy Code"). The Court finds that summary judgment, though unopposed, is inappropriate at this time for the following reasons.

---

**1.** The check bore the notation "Re: STERN CHEMICAL 8309 PERIOD." The term "8309 PERIOD" is used by IRS to refer to the billable quarter ending September 30, 1983. *See* Trustee's unopposed Motion for Summary Judgment (filed May 20, 1985). In the absence of any contrary evidence or argument, the inference is compelling that the payment was made to cover Stern Chemical's obligations to IRS through September 30, 1983.

The transfer at issue may be voidable under 11 U.S.C. § 548(a)(2)(A) and (B)(i). The Debtor did receive "less than a reasonably equivalent value in exchange" for its payment to the IRS, since it received no consideration whatever. *See* 11 U.S.C. § 548(a)(2)(A). However, it must also be shown under section 548(a)(2)(B)(i) that the Debtor was insolvent on the date that the transfer was made, or became insolvent as a result of the transfer. *See* 11 U.S.C. § 548(a)(2)(B)(i). The Court is not satisfied that such a showing has thus far been made.

The Trustee argues that the Debtor was insolvent at the time of the transfer. In support of this contention, the Trustee notes that at the time the Debtor filed its bankruptcy petition it had assets equalling $50,031 and liabilities equalling $214,-853.08. Trustee's Motion for Summary Judgment (filed May 20, 1985). This means that the Debtor was legally insolvent on the date of filing. But was the Debtor legally insolvent some three week's earlier, on March 8, 1984, when the transfer to IRS was made? The Trustee presents no affidavit which would support such a finding for that date.

An argument of counsel does not carry the same weight, for purposes of a summary judgment motion, as the sworn affidavit of a competent witness. It is possible that summary judgment could be granted, based upon the same facts alleged in the Trustee's argument, if those facts were set forth in an affidavit of a competent witness (including perhaps the Trustee himself), and if the witness could truthfully assert that, based on those facts and on other relevant facts (also set forth by affidavit), the witness draws the inference that the Debtor must have been insolvent on the relevant date. However, in the absence of either a presumption[2] or any evidence of insolvency at the time of transfer, this Court cannot grant summary judgment.

In order to prevail on his motion, the Trustee must prove to the Court that the Debtor was insolvent on the date of the transfer at issue. If the Debtor was insolvent on March 8, 1984, then the $4,215.36 transferred on that date from the Debtor to IRS is a fraudulent transfer pursuant to section 548.

NOW THEREFORE IT IS ORDERED that summary judgment, although unopposed, will be denied unless an affidavit by a competent witness of the Debtor's insolvency on March 8, 1984, is filed and served within fifteen (15) days after entry of this Order. If such an affidavit is filed and remains unopposed for ten (10) days after it is served, then summary judgment will be granted.

---

2. The statutory presumption of insolvency provided by 11 U.S.C. § 547(f) applies only "[f]or the purposes of this section [547]" and hence does not help the Trustee in his § 548 claim.